301 P.2d 532

Ernest T. CHAVEZ and Frances Chavez, his wife, Plaintiffs-Appellees,

v.

J. M. RYAN and Ardys K. Ryan, his wife, Defendants-Appellants.

No. 6103.

Supreme Court of New Mexico.

Sept. 12, 1956.

Owen J. Mowrey, Albuquerque, for appellants.

Harold O. Waggoner, Albuquerque, for appellees.

McGHEE, Justice.

The plaintiffs (appellees) recovered judgment below against the defendants Ryan (appellants) for $1,000 damages arising out of the sale of restaurant fixtures to the plaintiffs on conditional contract and the further agreement to give plaintiffs a sublease on the building in which the fixtures were located, the sublease to be approved by the owner and to run for a term of one year.

The sublease was executed by all of the parties, but was retained by defendant Ryan, who represented he would secure the written approval of the owner of the premises to the sublease and deliver a copy to the plaintiffs. He did not do so, and the sublease the parties executed was never delivered to the plaintiffs.

The contract was executed February 15, 1953, and the plaintiffs operated the cafe until May 22, 1953, when, pursuant to demand by the owner following the institution of a condemnation suit by the County Commissioners of Bernalillo County to secure the site for highway purposes, the plaintiffs closed the business, leaving the fixtures in the building as they were required to do

by the terms of the conditional sale contract.

The plaintiffs paid $500 down on the purchase price and made three monthly payments of $50 each. They sued to recover such amounts and the sum of $3,000 damages for the loss of their bargain and business.

The findings of the trial court were that the defendants breached their contract by failing to secure the approval of the sublease by the owner and that under the terms of the sales contract the plaintiffs could not move the restaurant fixtures from the building and their profitable business was thus destroyed.

The defendants assign error because of the refusal of the trial court to make certain of their requested findings of fact and conclusions of law, and also because of the findings of fact favorable to the plaintiffs which it did make. . .

█ The defendants argue here that the plaintiffs should have recouped their losses from the county in the condemnation case, but the plaintiffs did not have a valid sublease on the property and so had no estate subject to condemnation. It is also argued by the defendants that monthly rents were paid by plaintiffs to the owner of the building and that such acts constituted ratification by the owner of the sublease. However, when we examine the checks representing such payments we find they were payable to defendant, J. M. Ryan, and there is no evidence the owner had anything to do with defendant's acceptance of the checks. This contention is, of course, wholly without merit.

The further contention is made that the plaintiffs did better in private employment after they lost the cafe than they did when they operated it and that the defendants really did the plaintiffs a favor.

█ It is true the damages were minimized, but we must remember the down payment of $500 paid by plaintiffs, plus the three monthly installments, and the fact they lost a profitable business, as found by the court, but only recovered judgment for a total of $1,000, which we believe was not excessive.

The findings fully support the judgment and we see no reason why they should not stand as made.

We are not impressed by the arguments of the defendants and the judgment will be affirmed. It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and KIKER, JJ., concur.